IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY M. AMES,

    Petitioner,                  No. 2:11-cv-0565 MCE JFM (HC)

  vs.

G. SWARTHOUT,                    <u>ORDER AND</u>

    Respondent.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 9, 2011, respondent filed a motion to dismiss the petition as time-barred. Petitioner opposes the motion. Upon review of the motion, the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        Petitioner initiated this action on February 10, 2011[1] challenging a 2008 administrative conviction for refusal to report to work while housed at California State Prison –

---

[1] February 10, 2011 is the date on which petitioner delivered his federal petition to prison officials for mailing to this court and is therefore deemed the filing date. See <u>Campbell v. Henry</u>, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988)).

1

Solano. Petitioner alleges that on the morning of January 7, 2008, he became aware that inmates were refusing to report to work and several inmates were shouting threats that if anyone reported to work "he would be dealt with." At approximately 7:15 a.m., correctional officer Nixon ("Nixon") approached petitioner's cell door and asked petitioner whether he would be reporting to work that day. Petitioner said "I can't boss" because fear of reprisal in light of the threats. Nixon said he understood and a second officer told petitioner that he didn't blame him. On January 8, 2008, Nixon returned to petitioner's cell and asked him again if he would be reporting to work that day. Petitioner again stated that in light of the threats of the other inmates, he could not report to work. On January 11, 2008, all inmates returned to work, including petitioner.

On January 19, 2008, petitioner received a Rules Violation Report ("RVR") issued by Nixon for refusing to work. Mot. to Dismiss ("MTD"), Ex. 1. At the February 2, 2008 hearing on the RVR, petitioner explained that he only refused to work because of the potential harm he would suffer in light of the threats issued by the other inmates. Id. On March 19, 2008, petitioner was found guilty of refusing to work and assessed a 30-day loss of credit and a 90-day reduction of privilege group. Id.

On March 31, 2008, petitioner filed an inmate grievance challenging the guilty finding. MTD, Ex. 2 at 2-3. Both the informal and first formal levels of review were bypassed. See id. On July 29, 2008, petitioner's appeal was denied at the Second Level of Review. See MTD, Ex. 3 (Pet'r's Writ of Mandate, Ex. A at 5-7). Petitioner appealed this decision and, on December 1, 2008, the appeal was denied at the Director's Level. MTD, Ex. 2 at 1.

On April 21, 2009, petitioner filed a petition for writ of mandamus with the Solano County Superior Court. MTD, Ex. 3. On July 27, 2009, the superior court construed the writ as a petition for writ of habeas corpus and denied it for failure to state a prima facie case. Id., Ex. 5. Petitioner appealed to the California Court of Appeal, First Appellate District, which denied the petition on December 17, 2009. Id., Ex. 11. Finally, petitioner appealed to the California Supreme Court, which denied the petition on February 18, 2010. Id., Exs. 12-13.

On February 10, 2011, petitioner filed a petition for writ of habeas corpus in this court. On June 9, 2011, respondent filed a motion to dismiss. On July 19, 2011, petitioner filed a motion for an extension of time to file an opposition. This request will be granted. On August 15, 2011, petitioner filed an opposition. On August 24, 2011, respondent filed a reply.

## DISCUSSION

Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging an administrative decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See

Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the statute of limitation does not begin to run until a petitioner's administrative appeal has been denied).

Therefore, the limitations period began to run on December 2, 2008, the day after petitioner's third level appeal was denied. The last day to file a habeas petition was December 2, 2009. This action, however, was filed on February 10, 2011.

Petitioner is entitled to some tolling of the limitations period because of his state habeas petitions. The one-year statute of limitations in AEDPA is tolled under Section 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. 2244(d)(2)). The limitations period remains tolled during an entire "round" of state habeas petitions, including the reasonable interstitial periods between petitions filed in successively higher state courts as well as the periods when the petitions are actually pending in those state courts. See Carey v. Safold, 536 U.S. 214, 221-23 (2002). The limitations period is not tolled, however, during the interval between multiple "rounds" of habeas petitions filed through the successive state courts. Gibbs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).

Petitioner filed a petition for writ of mandate, which was construed as a petition for writ of habeas corpus, on April 21, 2009. That petition was ultimately denied by the California Supreme Court on February 18, 2010. Even accounting for the statutory tolling, however, it is apparent that the petition is untimely.

In opposition to the motion, petitioner asserts that AEDPA does not apply to challenges to administrative decisions. Contrary to petitioner's understanding, the one-year limitation period of § 2244 applies to habeas petitions brought by persons in custody pursuant to

4

state court judgments who challenge administrative decisions, such as the decisions of state prison disciplinary authorities.  See Shelby, 391 F.3d at 1063.

For all of the foregoing reasons, this action is barred by the statute of limitations and should be dismissed.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case.  Specifically, there is no showing that jurists of reason would find it debatable whether this action is barred by the statute of limitations.  Accordingly, the district court should not issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that petitioner's July 19, 2011 motion for extension of time is granted:and

IT IS HEREBY RECOMMENDED that respondent's June 9, 2011 motion to dismiss be granted, and that a certificate of appealability be denied.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 13, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;ames0565.mtd